Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH BAKER,

       Plaintiff,

   v.

MICHAEL WITTEVRONGEL; UNION
TOWNSHIP; SGT. RANDY STRATTON;
GREENBROOK POLICE DEPARTMENT;
EDWARD CHABEK; and
LINDEN POLICE DEPARTMENT,

       Defendants.

Civil Action No. 20-cv-13020

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

     Plaintiff Ralph Baker brings the above-captioned action in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court grants Plaintiff's motion to proceed *in forma pauperis* but dismisses the Complaint for failure to state a claim.

### I. BACKGROUND

     The Complaint is somewhat confusing. It includes a caption but then also lists another caption from Baker's prior case (discussed below). The Complaint then has several pages of allegations followed by two pages of damages that Baker now claims. Attached to the Complaint is a state judgment of conviction as to Defendant Wittevrongel as well as a prior, related decision by the Third Circuit. The Complaint states that in July 2002, Baker was arrested and charged with committing armed robbery. D.E. 1 ("Compl.") at ¶ 2. After a trial in Union County in March 2004, he was acquitted of armed robbery but found guilty of the lesser included offense of theft as

well as related gun charges.  *Id.*  The Complaint names six defendants: Michael Wittevrongel,

Union Township, Sgt. Randy Stratton, Green Brook Police Department, Edward Chabek, and

Linden Police Department.  Compl. at 1.

In 2008, Baker filed a similar complaint.  That complaint was dismissed, and the Third

Circuit denied Baker's appeal.  *Baker v. Wittevrongel*, 363 F. App'x 146, (3d Cir. 2010).  Judge

Sheridan's opinion explains the procedural history of Baker's case:

> In March 2004, Baker was tried and convicted in Union County on
> Indictment Numbers 02–10–1264 and 02–10–1265 of theft,
> unlawful possession of a weapon, and possession of a weapon by
> certain persons not to have weapons for the incident in Union
> Township.  These convictions resulted in a sentence of seventeen
> years for the certain persons count, and concurrent sentences of
> seven years and six months on the unlawful possession of a weapon
> and theft counts, respectively.  *State v. Baker*, Docket No. A–3855–
> 04 (N.J.Super.Ct.App.Div. Feb. 21, 2007).
>
> In April 2005, Baker was also tried and convicted in Middlesex
> County on Indictment Number 02–10–1239 on two counts of armed
> robbery, two counts of possession of a weapon for unlawful
> purposes, one count of unlawful weapon possession, and one count
> of aggravated assault for the incident in Edison.  On November 10,
> 2005, Baker was sentenced, after merger of counts, to twenty years
> on Count One and an extended life term on Count Two.  (Rosenbach
> Letter of Sept. 17, 2008).
>
> Baker timely appealed from the convictions in both Middlesex and
> Union Counties.  However, on October 12, 2006, the appeal of the
> Middlesex convictions was dismissed without prejudice.  On
> February 21, 2007, the Appellate Division of the Superior Court of
> New Jersey reversed and remanded his Union County conviction on
> the certain persons charge for a new trial, and otherwise affirmed
> Baker's convictions and sentences.  *State v. Baker,* Docket No. A–
> 3855–04 (N.J.Super.Ct.App.Div. Feb. 21, 2007).
>
> Subsequently, in January 2008, Baker refiled the Middlesex appeal
> by way of an application *nunc pro tunc* and accompanying motions.

On March 17, 2008[1], the Appellate Division issued an Order dismissing Baker's Middlesex appeal without prejudice. (Amended Complaint at Pal–2) . . .  On October 20, 2008, Baker's petitions for certification to the Supreme Court of New Jersey were denied. *State v. Baker,* 960 A.2d 389, 389 (N.J. 2008).

Baker was additionally charged in Somerset County Indictment Number 02–09–550 with robbery, possession of a weapon for an unlawful purpose, unlawful possession of a weapon, aggravated assault, and possession of a weapon by certain persons not to have weapons for the incident in Green Brook. However, on April 3, 2008, this indictment was voluntarily dismissed by the Somerset County Prosecutor by way of Order of the Honorable Edward M. Coleman, P.J.Cr.

*Baker v. Wittevrongel*, No. CIV A 08-CV-301 PGS, 2009 WL 467854, at *2–3 (D.N.J. Feb. 24, 2009).  Judge Sheridan found that Baker's claims were barred by the *Heck* Rule, which holds that that Section 1983 claims are not cognizable if a judgment in the plaintiff's favor necessarily would imply the invalidity of a conviction or sentence that has not been overturned or otherwise invalidated.  *Id*. (citing *Heck v. Humphrey*, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994)).

According to the current Complaint, Baker sought relief from the "Habeas Court" in 2009. Compl. at ¶ 8.  On September 9, 2013, Habeas Court "announc[ed] actual innocence."  *Id.*  On August 20, 2018, the Union County Court held an evidentiary hearing, during which a DNA Analyst testified that Baker had been excluded from certain evidence.  Compl. at ¶ 10.  On December 7, 2018, the Union County cases were dismissed.  Compl. at ¶ 14.  In May 2020, the New Jersey Supreme Court "again addressed the cases," and on July 30, 2020, the Habeas Court issued a statement stating that the Union County cases had been dismissed.  Compl. at ¶¶ 13, 14.

---

[1] The current Complaint lists the date as March 14, 2008, but the discrepancy does not impact this Opinion.  Compl. at ¶ 6.

The Complaint does not specify what claim or claims Baker is alleging, though it is titled "Wrongful Conviction." Compl. at 1. Under the liberal standard applied to *pro se* pleadings, the Court will construe the Complaint as alleging a claim for malicious prosecution pursuant to 42 U.S.C. § 1983.

## II. LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519,

4

520 (1972).  "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'"  *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

### III. ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee.  The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  To obtain relief under Section 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (noting that Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights).

For a Section 1983 malicious prosecution claim, a plaintiff must plead that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in plaintiff's favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) plaintiff suffered from a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Judge Sheridan's Opinion dismissing Baker's prior complaint explained that Baker could not state a cognizable cause of action unless a New Jersey court overturned his convictions or Baker filed a successful habeas corpus petition. *Baker v. Wittevrongel*, No. CIV A 08-CV-301 PGS, 2009 WL 467854, at *4 (D.N.J. Feb. 24, 2009). It appears from the face of the Complaint that Baker did subsequently bring an action for post-conviction relief and achieved a favorable termination. Compl. at ¶¶ 8, 14. Baker is therefore not barred by *Heck.*

However, the Court will *sua sponte* dismiss the claims against Union Township, Green Brook Police Department, and Linden Police Department. A city police department is "merely an administrative arm of the local municipality." *Godley v. Newark Police Dep't*, No. 05-806, 2007 WL 269815, at *3 (D.N.J. Jan. 26, 2007) (quoting *Padilla v. Township of Cherry Hill*, 110 F. App'x 272, 278 (3d Cir. 2004)); *see also Jackson v. City of Erie Police Dep't*, 570 F. App'x 112, 114 (3d Cir. 2014) ("Although local governmental units may constitute 'persons' against whom suit may be lodged under 42 U.S.C. § 1983, a city police department is a governmental sub-unit that is not distinct from the municipality of which it is a part."). As a result, the claims against the Green Brook Police Department and the Linden Police Department are dismissed with prejudice. As noted, both police departments are merely arms of their respective municipalities, and the proper defendant for a Section 1983 claim is the municipality itself.

In addition, it is well established that local government units cannot be held liable for the constitutional violations of their employees, "unless action pursuant to official municipal policy of some nature caused a constitutional tort" to be committed by such employees. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). To plead a municipal liability claim, a plaintiff must allege that "a [local] government's policy or custom . . . inflict[ed] the injury" in question. *Id*. at 694. "Policy is made when a decisionmaker possess[ing] final authority to

6

establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original) (internal quotation marks omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990). As to Union Township, the Complaint does not allege a policy or custom on the part of the municipality, much less support such allegation with plausible facts. However, this dismissal is without prejudice.

Turning to the Individual Defendants, the Complaint indicates that Defendant Wittevrongel testified "falsely" in the Union County case. Compl. at ¶ 2. However, as a general rule, witnesses are immune from civil damages based on their testimony. *Hughes v. Long*, 242 F.3d 121, 125 (3d Cir. 2001). As a result, the Court dismisses the matter as to Wittevrongel without prejudice, but Baker may not use Wittevrongel's trial testimony as a basis for liability.

The Complaint alleges that Defendant Chabek wrote a complaint "based on the false testimony of Defendant Michael Wittevrongel." Compl. at ¶ 3. Yet, the Complaint fails to indicate what the false testimony was and, more importantly, whether Chabek knew or should have known that the evidence was untrue. As a result, the Court dismisses the matter as to Chabek without prejudice.

Finally, as to Defendant Stratton, the Complaint indicates that Stratton (along with others) "comprised a criminal complaint based on the same." Compl. at ¶ 4. The Complaint clarifies that the criminal complaint used "the very same evidence as used in the Union and Linen (sic) townships armed robbery[.]" *Id.* Again, the Complaint does not identify with the required specificity what Stratton did to violate Baker's rights. Baker may be alleging that Stratton referred

7

to evidence that Stratton knew to be false, but the Court declines to make this inference absent further allegations from Baker. As a result, the Court dismisses the matter as to Stratton without prejudice.

### IV. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 23rd day of February, 2021

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED; and it is further

**ORDERED** that Plaintiff's Complaint, D.E. 1, is DISMISSED with prejudice as to Defendants Green Brook Police Department and Linden Police Department concerning alleged violations of 42 U.S.C. § 1983. Plaintiff may not file an amended complaint as to these Defendants based on Section 1983; and it is further

**ORDERED** that Plaintiff's Complaint is otherwise DISMISSED without prejudice; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file an amended complaint that cures the deficiencies as set forth above. Failure to file an amended complaint within this time will result in the dismissal of these claims with prejudice; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff.

John Michael Vazquez, U.S.D.J.

8