Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH BAKER,

        Plaintiff,

   v.

MICHAEL WITTEVRONGEL; UNION TOWNSHIP; SGT. RANDY STRATTON; and EDWARD CHABEK,

        Defendants.

Civil Action No. 20-cv-13020

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

    Before the Court is the amended complaint, D.E. 7, of Plaintiff Ralph Baker, proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court will dismiss the Complaint for failure to state a claim.

    **I.    BACKGROUND**

    For purposes of the pending motion, the Court incorporates by reference the background in its February 23, 2021 Opinion and Order, which dismissed Baker's initial Complaint. D.E. 3 at 8 ("Op."). Baker's initial Complaint was filed on September 21, 2020 and seemingly asserted claims of malicious prosecution pursuant to 42 U.S.C. § 1983 against six defendants: Michael Wittevrongel, Union Township, Greenbrook Police Department, Linden Police Department, Edward Chabek, and Randy Stratton. Compl. at 1. On February 23, 2021, the Court dismissed Baker's initial complaint for failure to state a claim. Op. at 8. The claims against Greenbrook

Police Department and Linden Police Department were dismissed with prejudice; the other claims were dismissed without prejudice and Baker was given leave to amend. Op. at 8.

On February 23, 2021, Baker filed a motion to amend the Complaint, naming six new defendants, but neither correcting nor incorporating the original Complaint. D.E. 4. The Court entered an order noting that it appeared Baker filed this motion without the opportunity to review the Court's Opinion, which was filed the same day, and terminating the motion. D.E. 5. On March 16, 2021, Baker filed another motion to amend, asserting claims against the same six new defendants. D.E. 6. The attached Complaint did not include the allegations from the original Complaint and did not appear to address the Court's February Opinion.

On March 30, 2021 Baker submitted a letter which he requested be accepted in lieu of a formalized motion to amend. D.E. 7. This document amended the original Complaint, presumably in response to the Court's prior Opinion. D.E. 7 ("Am. Compl."). The Court treats this filing as the Amended Complaint. On April 8, 2021, Baker filed a document titled "Addendum from Ralph Baker," which attached a copy of DNA reports. D.E. 8. On April 13, 2021, Baker submitted another letter titled "Addendum to the complaint." D.E. 9. This document refers to actions by FBI agents and attorneys who represented Baker in the past but does not appear to add any new claims or parties. D.E. 9. On April 27, 2021, Baker submitted another letter informing the court that his motion to withdraw his guilty plea was denied by the Superior Court of New Jersey, Essex County. D.E. 10.[1]

---

[1] Any future filings by Baker must include all allegations in a single amended complaint. If Baker does not do so, the Court will not review any information submitted after the amended complaint is filed.

Baker's Amended Complaint asserts claims against certain Defendants named in the original Complaint. The Amended Complaint also adds six defendants, none of whom were included in the original Complaint: Martha B. McKinney, Inesha Jackson-Isom, Dr. James Brewin, Dr. Ihumma Waachucu, Edith Senyumba, and Dr. Terris. Am. Compl. at 2-5. The Amended Complaint asserts that on February 9, 2006, State Police Officer Jennifer F. Banaag conducted a DNA analysis, which allegedly indicated that another individual was responsible for the Somerset county robberies and the Middlesex county robbery. Am. Compl. at 2-3. Despite this result, Baker alleges that the Assistant Prosecutor from Middlesex County, Martha B. McKinney, altered the DNA results and testified that the DNA test did not implicate the other individual. Am. Compl. at 2. The Amended Complaint further alleges that while incarcerated, Baker received treatment for prostate cancer. Am. Compl. at 5. This treatment consisted of multiple shots of Lupron, which the Amended Complaint refers to as "a medical castration drug." Am. Compl. at 5.

## II.  LEGAL STANDARD

The Court previously determined that Plaintiff established his inability to pay for the costs of his suit and granted his motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*,

506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## III.   ANALYSIS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for violations of his constitutional rights by a state official or employee. The statute provides, in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To obtain relief under Section 1983, a plaintiff must establish: (1) that one of his rights secured by the Constitution or laws of the United States was violated; and (2) that this violation was caused or committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (noting that Section 1983 does not provide substantive rights; rather, it provides a vehicle for vindicating violations of other federal rights).

### A. Claims Against the Police Officer Defendants

Baker alleges that Michael Wittevrongel, Edward Chabek, and Randy Stratton (collectively, "the Police Officer Defendants") "falsely arrested and charged him." Am. Compl. at 3, 4, 6. The Court therefore construes Baker's claims against the Police Officer Defendants as § 1983 false arrest claims. The Third Circuit previously ruled that Baker's false arrest claims are untimely. *Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010). "[A] district court may sua sponte dismiss a claim as time-barred under 28 U.S.C. § 1915(A)(b)(1) where it is apparent from the complaint that the applicable limitations period has run." *Hunterson v. DiSabato*, 244 F. App'x 455, 457 (3d Cir. 2007). As the Third Circuit explained, New Jersey's two-year limitations period on personal injury actions, N.J.S.A. 2A:14–2, applies to civil rights claims under § 1983. (citing *Cito v. Bridgewater Township Police Dep't,* 892 F.2d 23, 25 (3d Cir. 10989)). Baker's false arrest claim accrued when he appeared before a magistrate and was bound over for trial or arraigned on charges. *Baker*, 363 F. App'x at 150 (citing *Wallace*, 549 U.S. at 389–392, 127 S.Ct. 1091). Baker's imprisonment did not toll the running of the statute of limitations. *See Hughes v. Smith*, 264 F. Supp. 767, 769 (D.N.J. 1967), *aff'd*, 389 F.2d 42 (3d Cir. 1968). Baker's last trial took place in 2005, and his claim would have accrued at some point prior to trial, putting any false arrest claim well outside the limitations period. *Baker v. Wittevrongel*, No. CIV A 08-CV-301 PGS, 2009 WL 467854, at *2 (D.N.J. Feb. 24, 2009). Baker has not alleged any facts which would alter the Third Circuit's statute of limitations analysis.

A court has the option to dismiss claims with or without prejudice, the latter of which provides a plaintiff with opportunity to amend. Dismissal with prejudice is appropriate if an amendment would be inequitable or futile. *See Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004). Baker's false arrest claims are barred by the statute of limitations, and the Third Circuit

has already ruled on this issue. Therefore, the Court concludes that any further attempt would be futile. *See Walsh Sec. Inc. v. Cristo Prop. Mgmt.*, No. 97-3496, 2009 WL 1883988, at *2 (D.N.J. June 30, 2009) ("An amendment is futile where the statute of limitations has run and the relation-back doctrine does not apply."). The Third Circuit's ruling also means that Baker's claims are subject to preclusion. If Baker wanted relief from the Third Circuit's decision, he needed to either successfully seek reconsideration or United States Supreme Court review. He did neither. Accordingly, Baker's false arrest claims against Wittevrongel, Chabek, and Stratton are dismissed with prejudice.

To the extent Baker intended to assert a malicious prosecution claim against the Police Officer Defendants, a § 1983 malicious prosecution requires that Baker plead that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) he suffered from a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Kossler v. Crisanti*, 56.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

As to Stratton and the Somerset prosecution, the Third Circuit previously ruled:

> Baker's arrest was based in part on the victim's independent photographic identification of him, which is sufficient to establish probable cause to initiate criminal proceedings against him. *See Wilson v. Russo*, 212 F.3d 781, 789 (3d Cir. 2000) ("probable cause to arrest exists when the facts and circumstances within the arresting officer's knowledge are sufficient in themselves to warrant a reasonable person to believe that an offense has been or is being committed by the person arrested") (citation omitted). Notably, the DNA testing results at issue in this case were conducted in 2005 and the results reported in 2006, well after Baker was arrested and indicted.

6

*Baker v. Wittevrongel*, 363 F. App'x 146, 150 (3d Cir. 2010). Baker has not alleged any facts which alter this analysis. And, again, he has not demonstrated why the claim is also not subject to preclusion. Baker's § 1983 malicious prosecution claims, to the extent they are based on the Somerset prosecution considered by the Third Circuit, are dismissed with prejudice.

Because the Third Circuit only explicitly addressed the Somerset prosecution in the above analysis, the Court will not rule on the preclusion effect as to the malicious prosecution claims against the other Defendants at this time, though the analysis may apply equally to the other prosecutions and Defendants are free to so assert if they deem it appropriate. However, the Court dismisses the malicious prosecution claims against Chabek and Wittevrongel for failure to state a claim. The Amended Complaint alleges that Chabek filed charges based on "false information" but does not allege that he knew or should have known the information was false. Am. Compl. at ¶ 2. The Amended Complaint alleges that Wittevrongel deprived Baker of his rights but does not allege facts that state how he did so with adequate specificity. Am. Compl. at ¶ 2. The dismissal is without prejudice.

### B. Claims Against the Municipality Defendants

As discussed in the Court's prior Opinion, it is well established that local government units cannot be held liable for the constitutional violations of their employees, "unless action pursuant to official municipal policy of some nature caused a constitutional tort" to be committed by such employees. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). To plead a municipal liability claim, a plaintiff must allege that "a [local] government's policy or custom . . . inflict[ed] the injury" in question. *Id*. at 694. "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d

7

Cir. 1990) (alteration in original) (internal quotation marks omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

The Court previously dismissed the claims against Union Township because Baker did not allege a policy or custom. Op. at 7. Baker now brings claims against Union County, Greenbrook Township, Essex County, and Edison Township. Am. Compl. at 2, 6, 14. Baker alleges that "[t]he municipality of Union fostered a policy, custom and procedure of racially profiling African American and Hispanic Americans, claiming they committed robberies based on their race, nationality and ethic [sic] background." Am. Compl. at 4. He later alleges that Union County "maintained a policy, custom to change DNA factual evidence identified by the New Jersey State Police Forensic Union." Am. Compl. at 8. He further alleges that there was a custom or policy "to selectively enforce racial profile Plaintiff Baker and withhold from Plaintiff Baker and his legal teams" the DNA reports. Am. Compl. at 10. He also alleges that Linden Township developed a policy or custom to racially profile Baker, Black people, and Hispanic people. Am. Compl. at 7.

Baker cannot cure the deficiencies in the original Complaint simply by using the words "policy or custom." His allegations either refer to acts taken solely against him, or assert in wholly conclusory fashion the existence of a custom or policy. The claims against the municipalities are therefore dismissed without prejudice.

### C.  Claims Against Martha B. McKinney

Although not explicitly alleged, Baker may be asserting a fabricated evidence claim against Martha B. McKinney, a Middlesex County Assistant Prosecutor. A claim for fabrication of evidence can constitute a stand-alone § 1983 claim based on the Fourteenth Amendment's Due

Process Clause. *Halsey v. Pfeiffer*, 750 F.3d 273, 294 (3d Cir. 2014). To plead a claim for fabrication of evidence, a plaintiff must demonstrate that there was a "reasonable likelihood that, without the use of that [fabricated] evidence, the defendant would not have been convicted." *Id.*; *see also Black v. Montgomery County*, 835 F.3d 358, 371 (3d Cir. 2016) (stating that the evidence must be "so significant that it could have affected the outcome of the criminal case"). While the Amended Complaint alleges that McKinney "falsified documents," it does not set forth sufficient facts in support and it provides no facts explaining what McKinney did to violate Baker's rights. Am. Compl. at 19. Baker also alleges that McKinney "gave false testimony" regarding the results of the DNA test at trial. Am. Compl. at 2. "The conduct of a trial and presentation of evidence are undeniably activities intimately associated with the judicial phase of the criminal process, and therefore a prosecutor enjoys absolute immunity from suit based on those activities." *Simonton v. Ryland-Tanner*, 836 F. App'x 81, 84 (3d Cir. 2020) (internal quotations omitted). In addition, it is implausible to infer that a prosecutor testified in a case which she was also prosecuting. The Court therefore dismisses any claims against McKinney without prejudice.

### D. Claims Against the Medical Defendants

Baker alleges that certain medical staff violated his Eighth Amendment rights. Am. Compl. at 22. The Eighth Amendment prohibits the infliction "cruel and unusual punishments" on those convicted of crimes. *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). This proscription against cruel and unusual punishment requires prison officials to provide inmates with constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976). In order to set forth a facially plausible claim, Plaintiff must allege (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need. *Estelle*, 429 U.S. at 106. The second element of the *Estelle* test requires an inmate to show that prison

9

officials acted with deliberate indifference to his serious medical need. "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm. *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

> The Third Circuit has found deliberate indifference
>
>> where the prison official (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment based on a non-medical reason; ... (3) prevents a prisoner from receiving needed or recommended medical treatment;' and (4) 'where the prison official persists in a particular course of treatment in the face of resultant pain and risk of permanent injury.

*McCluskey v. Vincent*, 505 F. App'x 199, 202 (2012) (citations omitted).

It is "well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute 'deliberate indifference.'" *Id*. at 202 (citing *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)); *accord Andrews v. Camden Cty.*, 95 F. Supp. 2d 217, 228 (D.N.J. 2000) ("Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation unless deliberate indifference be shown.") (citing *White v. Napoleon*, 897 F.2d 103, 110 (3d Cir. 1990)). Moreover, "a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference." *Andrews*, 95 F. Supp. 2d at 228. Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims." *White*, 897 F.2d at 110.

The Amended Complaint alleges that the treatment provided by Jackson-Isom, Dr. Brewin, Dr. Waachucu, Senyumba, and Dr. Terris chemically castrated Baker in anticipation of his potential release from prison. Am. Compl. at 21. Baker alleges that he was given Lupron as treatment for prostate cancer. Am Compl. at 22. Baker has not alleged any facts indicating that

Lupron was an improper treatment, let alone that the defendants acted with the requisite states of mind in administering it. As a result, the Court dismisses the matter as to Jackson-Isom, Dr. Brewin, Dr. Waachucu, Senyumba, and Dr. Terris without prejudice.

### E. Claims Against the FBI

It is not clear whether Baker intends to assert claims against the FBI and/or certain FBI Agents. He alleges that the FBI attempted to force Baker to participate in covert operations, but that he refused. Am. Compl. at 17-18. Baker does not assert any specific claims, and the discussion cuts off abruptly. The Court therefore dismisses any claims against the FBI and/or FBI agents, to the extent Baker intended to assert such claims, without prejudice.

### IV. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 7th day of May, 2021

**ORDERED** that Plaintiff's Amended Complaint, D.E. 7, is **DISMISSED with prejudice** as to the false arrest claims against Defendants Wittevrongel, Chabek, and Stratton; and it is further

**ORDERED** that Plaintiff's malicious prosecution claims are **DISMISSED with prejudice** as to Stratton and to the extent they were already decided by the Third Circuit; and it is further

**ORDERED** that Plaintiff's Amended Complaint, D.E. 7, is otherwise **DISMISSED without prejudice**; and it is further

**ORDERED** that Plaintiff's motion, D.E. 6, is administratively terminated; and it is further

**ORDERED** that Plaintiff is afforded thirty (30) days to file a second amended complaint that cures the deficiencies as set forth above. Failure to file a second amended complaint within this time will result in the dismissal of these claims with prejudice. If Plaintiff files another

11

amended complaint, he must include all allegations in a single document. If Plaintiff files additional information after filing the second amended complaint, the Court will disregard it; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff.

_____
John Michael Vazquez, U.S.D.J.