Not for Publication

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

RALPH BAKER,

        Plaintiff,

    v.

MICHAEL WITTEVRONGEL; UNION
TOWNSHIP; SGT. RANDY STRATTON;
GREENBROOK POLICE DEPARTMENT;
EDWARD CHABEK; and
LINDEN POLICE DEPARTMENT,

        Defendants.

Civil Action No. 20-cv-13020

**OPINION & ORDER**

**John Michael Vazquez, U.S.D.J.**

Plaintiff Ralph Baker brings the above-captioned action in forma pauperis pursuant to 28 U.S.C. § 1915. For the reasons stated below, the Court grants Plaintiff's motion to proceed *in forma pauperis* but dismisses the Second Amended Complaint ("SAC") for failure to state a claim.

### I.  BACKGROUND

For purposes of the pending motion, the Court incorporates by reference the background in its February 23, 2021 Opinion and Order, which dismissed Baker's initial Complaint. D.E. 3 at 8 ("Op."). Baker's initial Complaint was filed on September 21, 2020 and asserted claims of malicious prosecution pursuant to 42 U.S.C. § 1983 against six defendants: Michael Wittevrongel, Union Township, Greenbrook Police Department, Linden Police Department, Edward Chabek, and Randy Stratton. Compl. at 1. On February 23, 2021, the Court dismissed Baker's initial

Complaint for failure to state a claim. Feb. Op. at 8. The claims against Greenbrook Police Department and Linden Police Department were dismissed with prejudice; the other claims were dismissed without prejudice and Baker was given leave to amend. Feb. Op. at 8.

Baker subsequently filed multiple documents which the Court construed as a First Amended Complaint ("FAC"). Baker's FAC brought claims against certain Defendants named in the original Complaint and added six new defendants: Martha B. McKinney, Inesha Jackson-Isom, Dr. James Brewin, Dr. Ihumma Waachucu, Edith Senyumba, and Dr. Terris. FAC at 2-5. The FAC alleged that State Police Officer Jennifer F. Banaag conducted a DNA analysis, which allegedly indicated that another individual was responsible for the Somerset county robberies and the Middlesex county robbery. *Id.* at 2-3. Despite this result, Baker alleged that the Assistant Prosecutor from Middlesex County, Martha B. McKinney, altered the DNA results and testified that the DNA test did not implicate the other individual. *Id.* at 2. The FAC further alleged that while incarcerated, Baker received treatment for prostate cancer. *Id.* at 5. This treatment consisted of multiple shots of Lupron, which the FAC referred to as "a medical castration drug." *Id.* at 5.

In May 2021, the Court dismissed the FAC. The Court dismissed Baker's false arrest claims against Wittevrongel, Chabek, and Stratton with prejudice. The Court dismissed Baker's § 1983 malicious prosecution claims based on the Somerset prosecution with prejudice as well. The Court dismissed the remaining claims without prejudice.

On June 21, 2021, Baker filed the SAC. DE 13. On July 6, 2021, the Court received a document docketed as "second amended complaint," but which appears to be a motion for the appointment of counsel. On August 3, 2021, the Court received a letter from Baker requesting that the case be transferred to Judge McNulty.

2

## II. LEGAL STANDARD

Under Section 1915, this Court may excuse a litigant from prepayment of fees when the litigant "establish[es] that he is unable to pay the costs of his suit." *Walker v. People Express Airlines, Inc.*, 886 F.2d 598, 601 (3d Cir. 1989). Plaintiff has sufficiently established his inability to pay for the costs of his suit and the Court grants Plaintiff's motion to proceed *in forma pauperis* without prepayment of fees or costs.

When allowing a plaintiff to proceed *in forma pauperis*, a court must review the complaint and dismiss the action if it (i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B). When considering dismissal under Section 1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted, the Court must apply the same standard of review as that for dismissing a complaint under Federal Rule of Civil Procedure 12(b)(6). *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To state a claim that survives a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Plaintiff is proceeding *pro se*, the Court construes the pleading liberally and holds the pleading to a less stringent standard than those filed by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). "The Court need not, however, credit a *pro se* plaintiff's 'bald assertions' or 'legal conclusions.'" *D'Agostino v. CECOM RDEC*, No. 10-4558, 2010 WL 3719623, at *1 (D.N.J. Sept. 10, 2010).

## III. ANALYSIS

### A. CARES Act

Baker alleges that he did not receive the money he should have under the Coronavirus Aid, Relief, and Economic Security Act of 2020 (the "CARES Act"). The Act was passed on March 27, 2020 in order to provide economic relief to certain individuals who reside in the United States during the COVID-19 pandemic. *Morton v. United States V.I.*, No. 3:20-cv-0109, 2020 WL 7872630, at *2-3 (D.V.I. Dec. 31, 2020).

The CARES Act authorized certain stimulus payments:

> The portion of the CARES Act relevant to this litigation amended the Internal Revenue Code providing for Economic Impact Payments ("EIP") to be paid directly to eligible individuals through a "tax credit" to be paid in 2021 based on an individual's 2020 income tax return, *see* 26 U.S.C. § 6428(a), or as an "advance refund" to be paid on or before December 31, 2020, based on an individual's 2019 income tax return. *See Id.* at § 6428(f). If an eligible individual had not filed a 2019 tax return, that individual would still be eligible to receive an advance refund based on that person's 2018 tax return. *Id.* at § 6428(f)(5)(A). If an individual had not filed a 2018 tax return, the appropriate taxing authority could use information provided in Form SSA-1099 or Form RRB-1099, with respect to that individual receiving social security benefits. *Id.* at § 6428(f)(5)(B).

*Id*.

Initially, the Internal Revenue Service maintained that incarcerated individuals were not eligible for EIPs. *Breton v. Mnuchin of the I.R.S.*, No. 3:21-cv-718 (SRU), 2021 WL 5086400, at *3 (D. Conn. Nov. 2, 2021). In response, several incarcerated individuals filed suit and eventually sought to certify a class. The court in *Scholl v. Mnuchin*, 494 F. Supp. 3d 661 (N.D. Cal. Oct. 14, 2020) (*Scholl II*), held that the CARES Act "does not authorize [the IRS] to withhold advance refunds or credits from class members solely because they are or were incarcerated." *Scholl II*, 494 F. Supp. 3d at 692.

Baker does not state so explicitly but appears to allege that he did not receive any EIP

money.  SAC at 23.  Baker alleges that he filed a 2020 tax return.  *Id.* at 23.  Before filing suit in

federal court for credit or refund of overpaid taxes, a taxpayer must first comply with the tax refund

scheme established in the tax code by filing an administrative claim with the IRS.  *United States*

*v. Clintwood Elkhorn Mining. Co.*, 553 U.S. 1, 4 (2008); *see* 26 U.S.C. § 7422(a).  Because Baker

does not appear to have exhausted his administrative remedies by filing an administrative claim,

the Court lacks jurisdiction over Baker's request.  *See James Allen Durrette Ohio #752-372 v.*

*Dep't of Treasury - IRS* , No. A-21-CV-618-RP, 2021 WL 3761223, at *4 (W.D. Tex. Aug. 25,

2021); *Wheat v. Mnunchin*, No. 2:21-CV-5 ACL, 2021 WL 1751299 (N.D. Mo. May 4, 2021)

(citing *Scholl* and dismissing—without leave to amend—the complaint seeking court intervention

to receive EIPs under the CARES Act); *Hulsey v. Mnunchin*, No. 21-cv-02280-PJH, 2021 WL

1561626 (N.D. Cal. Apr. 21, 2021) (same); Coy v. Trump, No. 21-cv-01344-PJH, 2021 WL

965321 (N.D. Cal. March 15, 2021) (same).

To the extent Baker is relying on *Scholl* for relief, the Scholl court made it clear that,

although EIPs could not be denied solely on the basis of a plaintiff's incarcerated status, it took no

position on specific individual payments owed and noted that the declaratory relief did not

encompass "an individualized award of monetary damages."  *Scholl II*, 494 F. Supp. 3d at 691.  "It

is the responsibility of the IRS, not the court, to make determinations on whether an individual is

eligible and 'meets the various criteria delineated in the Act.'"  *Phelps v. Mnuchin*, No. 3:21-CV-

327-JD-MGG, 2021 WL 2138506, at *7 (N.D. Ind. May 26, 2021) (quoting Scholl II, 494 F. Supp.

3d at 691.)  Further, to the extent Baker argues that his EIP was denied due to his incarcerated

status, "he is already a member of the *Scholl* class; therefore, he is not entitled to separate

individual relief. An individual suit for injunctive and equitable relief may be dismissed when it

5

duplicates an existing class action's allegations and prayer for relief." *Deaver v. Dep't of Treasury*, No. 21-cv-07603-PJH, 2021 WL 4990237, at *7-8 (N.D. Cal. Oct. 27, 2021) (citing *Pride v. Correa*, 719 F.3d 1130, 1133 (9th Cir. 2013); *Gillespie v. Crawford*, 858 F.2d 1101, 1103 (5th Cir. 1988).

The Court lacks jurisdiction over this claim, and it is therefore dismissed.

### B. Malicious Prosecution Claim

Baker asserts a malicious prosecution claim against defendant Michael Wittevrongel. SAC at 3. A § 1983 malicious prosecution requires that Baker plead that (1) defendants initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the proceeding was initiated without probable cause; (4) the defendants acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) he suffered from a "deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." *See Kossler v. Crisanti*, 56.3d 181, 186 (3d Cir. 2009) (quoting *Estate of Smith v. Marasco*, 318 F.3d 497, 521 (3d Cir. 2003)).

Baker alleges that Wittevrongel arrested him without probable cause through "alleged observation" of Baker fleeing from an armed robbery. SAC at 3. Baker alleges that there was no testimony of any witness of the crime. *Id.* at 3. He states that Wittevrongel arrested him by mistake. *Id.* at 3. It appears from the SAC that Wittevrongel believed he saw Baker fleeing from a robbery, but that Baker alleges he was mistaken. *Id.* at 3.

The SAC does not adequately allege that Wittevrongel lacked probable cause or that he acted maliciously or for a purpose other than brining the plaintiff to justice. The SAC's "[b]are-bones' allegation of falsehoods and fabrications does not meet the applicable pleading standard." *Santiago v. Hulmes*, No. 14-07109, 2015 WL 1422627, at *4 (E.D. Pa. Mar. 30, 2015) (citing *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)). There are no facts from which

the Court can reasonably infer probable cause was lacking. *See Simmons v. McBride*, No. 20-4846, 2021 WL 4132304, at \*10-11 (E.D. Pa. Sep. 10, 2021) (dismissing where complaint did not contain any facts from which the Court could infer probable cause was lacking with respect to any of the charges against plaintiff). Because Baker fails to state a claim for malicious prosecution, that claim is dismissed.

### C. *Monell* Claims

As discussed in the Court's prior Opinion, it is well established that local government units cannot be held liable for the constitutional violations of their employees, "unless action pursuant to official municipal policy of some nature caused a constitutional tort" to be committed by such employees. *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978). To plead a municipal liability claim, a plaintiff must allege that "a [local] government's policy or custom . . . inflict[ed] the injury" in question. *Id*. at 694. "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990) (alteration in original) (internal quotation marks omitted). "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).

The Court previously dismissed the claims against Union County, Greenbrook Township, Essex County, and Edison Township. D.E. 12 at 8. Baker now alleges that "Union County took Plaintiff Ralph Baker to trial first relying solely upon the black cloth ski mask, absent of any DNA factual finding." SAC at 4. Baker also alleges that each municipality used false evidence. Compl. at 15. He continues that these actions were taken "under the scope to establish, a custom, policy

to selectively enforce racial profile Plaintiff Baker" and to withhold evidence. Compl. at 15. Again, use of the words "policy" or "custom" are insufficient to plead a claim against a government entity. These allegations refer to acts taken solely against Baker, and no policy or custom is plausibly alleged. The claims against the municipalities are therefore dismissed.

### D. Claims Against the FBI

Baker alleges facts relating to the FBI and certain FBI Agents. SAC at 20-22. He alleges that the FBI attempted to force Baker to participate in covert operations but that he refused. Baker does not assert any specific claims and it is not clear what relief is sought. The Court therefore dismisses any claims against the FBI and/or FBI agents, to the extent Baker intended to assert such claims. Even if accurate, merely requesting Baker to participate in an FBI operation does not indicate any improper conduct.

### E. Claim Against Joseph Shannon

Baker alleges that Joseph Shannon, Sergeant of the Edison Police Department, relied upon false reports and false evidence. SAC at 5. He alleges that Shannon knew or should have known the information was false because "only Michelle Krigger was willing to go along with the scenario," but Krigger was the manager of a different Burger King and was only filling in for one day. Compl. at 5. It is not clear whether Baker means that Krigger was filling in the day of one of the alleged robberies or the day that she "went along with" the scenario.

If Baker intends to allege a false arrest claim, that claim is time-barred as explained in this Court's May 2021 Opinion. D.E. 12 at 7 ("Baker's last trial took place in 2005, and his claim would have accrued at some point prior to trial, putting any false arrest claim well outside the limitations period."). To the extent Baker intends these allegations to serve as the basis for a

malicious prosecution claim, the allegations are insufficient.  The claim against Joseph Shannon is therefore dismissed.

### F.  Medical Claims

Baker alleges that certain medical staff violated his Eighth Amendment rights.  Compl. at 22.  The Eighth Amendment prohibits the infliction "cruel and unusual punishments" on those convicted of crimes.  *Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981).  This proscription against cruel and unusual punishment requires prison officials to provide inmates with constitutionally adequate medical care.  *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976).  In order to set forth a facially plausible claim, Plaintiff must allege (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  *Estelle*, 429 U.S. at 106.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  *Farmer v. Brennan*, 511 U.S. 825, 837-38 (1994).

The Court previously dismissed this claim because Baker had not alleged any facts indicating that Lupron was an improper treatment, let alone that the defendants acted with the requisite states of mind in administering it.  D.E. 12 at 10.  Pages 25 through 38 of the SAC are identical to pages 19 through 32 of the FAC (D.E. 7).  The Court's analysis in the May 2021 Opinion therefore applies equally to Baker's SAC.

In Baker's motion for a preliminary injunction, he alleges that he is not receiving certain accommodations, including boots and a kosher diet.  That allegation is not in the Complaint and there is not sufficient detail in the motion to evaluate it.  As a result, the Court is not ruling on that claim.

## IV. OTHER REQUESTS

Baker has three other requests pending before this Court: a request that this matter be transferred to Judge McNulty (D.E. 15),[1] a motion for the appointment of pro bono counsel (D.E. 14), and a motion for a preliminary injunction (D.E. 16). Because the Complaint will be dismissed, these motions are denied.

A court should grant leave to amend a complaint "absent evidence that amendment would be futile or inequitable." *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000). With the exception of the Cares Act claim, which Baker raises for the first time, the Court has given Plaintiff sufficient opportunity to cure the noted deficiencies in his pleadings. Because Plaintiff has not done so, the Court determines that he is unable to do so. As a result, any potential amendment would be futile, with the exception of the Cares Act claim. But that claim is being dismissed because, among other reasons, Plaintiff has not exhausted his administrative remedies.

## V. CONCLUSION AND ORDER

Therefore, for the foregoing reasons, and for good cause shown,

IT IS on this 2nd day of December, 2021

**ORDERED** that Plaintiff's request to proceed *in forma pauperis* is GRANTED; and it is further

---

[1] Defendant's motion to transfer to Judge McNulty is stylized as a motion to consolidate with the matter docketed at 2:09-cv-03654. It appears from reviewing the docket that the case before Judge McNulty is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The most recent filing in that matter is an August 10, 2021 order, which indicates that the matter is administratively terminated. Docket No. 2:09-cv-03654 at D.E. 89.

**ORDERED** that Plaintiff's Second Amended Complaint, D.E. 13, is DISMISSED with prejudice as to all claims except Plaintiff's Cares Act claim.  Plaintiff, however, must first exhaust his administrative remedies before proceeding with that claim; and it is further

**ORDERED** that Plaintiff's motion for the appointment of pro bono counsel, D.E. 14, is DENIED as moot; and it is further

**ORDERED** that Plaintiff's request that this matter be transferred to Judge McNulty, D.E. 15, is DENIED as moot; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction, D.E. 16, is DENIED as moot; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this Opinion and Order to Plaintiff.

_____
John Michael Vazquez, U.S.D.J.

11